IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

02 SEP 26 AM 9:30

IN RE THE APPLICATION OF:

PETRA L. EBNOTHER

    PETITIONER,

vs.                                               Civil No. 02-0884-WPJ/LFG

ALAN EBNOTHER,

    RESPONDENT

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND ORDER FOR RETURN OF THE CHILD**

**I.**     **FINDINGS OF FACT**

1.     Petitioner Petra Ebnother is a German citizen who, at all material times, has resided and continues to reside in the vicinity of Wiesbaden, Germany.

2.     Respondent Alan Ebnother is a United States citizen who resided in Germany from approximately 1973 to 1980 and then again in Germany during the time period he was married to Petitioner.

3.     Petitioner and Respondent were married in Germany in October of 1989. They separated in June of 1996 and were finally divorced in June of 2000. Respondent moved from Germany back to the United States in July of 2000. He moved to Stanley, New Mexico, where he currently resides.

4.     The parties have two children together: Maximilian, born in 1987, and Jamie, born October 22, 1991. Respondent has two older children by prior marriage.



1

5. At the time the parties finalized their divorce, they agreed to joint custody of Max and Jamie, which was consistent with German law which favors joint custody in divorce cases.

6. Although the parties share joint custody of Jamie, Petitioner has been the primary caretaker of Jamie at least from the time the parties separated until March/April of 2002, when Jamie came to the United States for visitation and did not return to Germany.

7. From the time the parties separated, Respondent has exercised visitation with Jamie. When Jamie was younger and when Respondent lived in Germany, Respondent, in addition to having visitation with Jamie, would care for Jamie during those days when Petitioner was at work.

8. Jamie was born in Germany and has resided and attended school in Germany at all times except when she would leave Germany for visitation with her father and to visit other family members. Jamie would always return to Germany until April of 2002, when she did not return from visitation with her father.

9. When Respondent moved to the United States in July of 2000, he would exercise visitation with Jamie by paying for a round-trip ticket from Germany to the United States and return, with the visitation period lasting several weeks.

10. On or about March 24, 2002, Jamie began what was to be approximately a three-week visit with Respondent here in the United States; more specifically, in Stanley, New Mexico. Jamie was to begin her return to Germany April 13, 2002.

11. On April 13, 2002, Respondent failed to get Jamie to the airport to make her return flight, Jamie called to let Petitioner know she missed the plane and stated that they were trying to change the ticket.

12. On Sunday, April 14, 2002, Respondent called Petitioner to let her know he would take Jamie to the airport to get another ticket. Late that day, Respondent called Petitioner to let her know that Jamie would be staying in the United States.

13. On or about April 17, 2002, approximately three days later, Petitioner began proceedings pursuant to the Hague Convention for return of Jamie from the United States to Germany.

14. Petitioner has been steadfast and diligent in her efforts to seek return of Jamie, and there is no credible evidence to support any theory the Petitioner has consented or acquiesced to Jamie remaining in the United States.

15. Jamie has expressed a strong desire to reside with the Respondent and to remain in the United States. Those views were stated to Dr. Charlene McIver, the court-appointed 706 expert, and Jamie articulated her desires to the Court when the Court conducted an in camera interview with Jamie on September 17, 2002. Additionally, Dr. McIver concluded that there was nothing to indicate that there was a grave risk of psychological harm, or an intolerable situation if Jamie returns to Germany.

16. The United States and the Republic of Germany are both signatory nations to the Hague Convention.

## II. CONCLUSIONS OF LAW

1. The United States District Court for the District of New Mexico has jurisdiction over this case under the Hague Convention and the International Child Abduction Remedies Act, 42 U.S.C. Sections 11-601 to 11-610, which is the congressional legislation implementing the Hague Convention.

2. Germany is the habitual residence of the child, Jamie Ebnother.

3. Under German law, the Petitioner and Respondent share joint custody of Jamie.

4. At the time Jamie came to visit Respondent in March of 2002, Petitioner was the primary caretaker of Jamie and Petitioner was exercising her custody rights of Jamie under German law as well as under the Hague Convention.

5. The retention of Jamie by Respondent by failing to allow Jamie to return to Germany in April of 2002 was wrongful and was in breach of Petitioner's custody rights under German law and under the Hague Convention.

6. Respondent has failed to present any credible evidence that Petitioner has consented or acquiesced to Jamie remaining in the United States.

7. Respondent has failed to establish by clear and convincing evidence that there is a grave risk that return of Jamie to Germany would expose her to physical or psychological harm.

8. While the Court has taken into account and considered Jamie's wishes to remain in the United States, the Court concludes that Jamie, currently aged 10, has not attained an age and degree of maturity sufficient enough for her to determine where she will permanently reside.

9. While Petitioner and Respondent had and still have the option under German law to seek sole custody of Jamie through the appropriate German family court, a custody determination or order is not a prerequisite to filing a petition for return of a child under the Hague Convention, nor is it a substitute for seeking return of the child under the Hague Convention.

10. The German family court is the appropriate court to determine custody and visitation issues pertaining to Jamie, not this United States District Court.

For the foregoing reasons as stated in the above Findings and Conclusions, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

A.   The Court finds and concludes that Petitioner has met her burden as to each of the required elements and that the Respondent has not sufficiently demonstrated reasons why the Court should not be required to return the child, Jamie Ebnother, under the terms of the Hague Convention. Therefore, the petition for return of the child is hereby granted.

B.   Since there was a finding and it is the Court's view that the retention of the child was wrongful under the Hague Convention, Petitioner's request for attorney's fees and costs is hereby granted.

C.   Counsel for Petitioner must submit an Affidavit of Attorney's Fees and costs within ten (10) days of the entry of this Order.

D.   Counsel must confer with their clients and set a hearing next Wednesday, September the 25th, to consider entry of the appropriate form of order for return of the child and consider the logistical issues for how the child is to be returned.

E.   If necessary to implement this Order, upon 24 hours written notice of necessity therefor, a United States Marshal shall escort Jamie to effectuate the transfer of Jamie to Germany.

F.   Respondent shall deliver Jamie to the Phoenix International Airport on October 3, 2002 to take scheduled Lufthansa flight number 449 from Phoenix, Arizona to Frankfurt, Germany at Respondent's cost.

_____
THE HONORABLE WILLIAM P. JOHNSON
DISTRICT JUDGE

_APPROVED IN OPEN COURT_
**Twila B. Larkin**
**Walther & Larkin, LLP**
**Attorney for Petitioner**


_APPROVED IN OPEN COURT_
**Thomas C. Montoya**
**Atkinson & Kelsey, P.A.**
**Attorney for Respondent**