IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE THE APPLICATION OF:

PETRA L. EBNOTHER,

       Petitioner,

v.                                                     Civil No. 02-0884 WPJ/LFG

ALAN EBNOTHER,

       Respondent.

## MEMORANDUM OPINION AND ORDER
## AWARDING ATTORNEY FEES AND COSTS

THIS MATTER comes before the Court upon the Amended Affidavit (Motion)[1] filed on November 18, 2002 by Gretchen Walther and Twila Larkin for Attorney's Fees and Non-Taxable Expenses (**Doc. 31**). In the underlying case, Petitioner began proceedings pursuant to the Hague Convention seeking the return of her daughter from the United States to Germany. Following an evidentiary hearing on September 19, 2002, the Court found that Respondent's retention of the child was wrongful under German law and under the terms of the Hague Convention; and ordered the return of the child to Petitioner in Germany (Doc. 26). The Court also granted the request for

---

[1] Petitioner was ordered to submit an amended affidavit in order to separate the bill of costs from the request for attorney fees, as required under D.N.M.LR- 54 (Doc. 27).

Petitioner's requests for fees are self-styled as an "affidavit," although they should have been presented as motions. However, the Court construes them as motions since the Court granted counsel's request for fees at the hearing and invited counsel to submit supporting affidavits. See Doc. 26, p. 3, ¶ B; Transcript of Ruling on Evidentiary Hearing, September 19, 2002, at 7.

fees by Petitioner's counsel, as allowed under 42 U.S.C. § 11607.[2]

*Attorney's Fees*

Respondent has submitted objections to the request for fees, which I have reviewed and rejected. The mere possibility that a "duplication of time could have occurred" due to Ms. Walther's absence during the hearing, is an insufficient basis to deny fees on the itemized entries.[3] Respondent does not dispute, and the Court agrees with, the reasonableness of the hourly rates: $175.00 for both Ms. Larkin and Ms. Walther, and $100.00 for paralegal work. No charge was submitted for the 15.4 hours for work performed by a legal assistant at a $50.00 hourly rate. See, e.g., Freier v. Freier, 985 F.Supp.710 (E.D.Mich.1997) (attorney fee of $12,112.50, representing 80.75 hours of attorney time at $150 per hour, was reasonable in action under ICARA); cmp., Berendsen v. Nichols, 938 F.Supp.737, 738 (D.Kan. 1996) (Rate of $125 per hour was commensurate with rate used in other cases involving local attorneys and was used to determine award of attorney fees to party who obtained order requiring return of her children under ICARA).

Respondent's counsel does not object to the reasonableness of the number of hours

---

[2] The International Child Abduction Remedies Act ("ICARA), 42 U.S.C. §§ 11601-11610, implements the Hague Convention. Under 42 U.S.C. § 11607, "[a]ny court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate."

Petitioner had requested attorney fees earlier in the proceedings, Doc. 7, which the Court deferred for later ruling. Clerk's Minutes, Doc. 11 at 2.

[3] Moreover, the three timekeepers made their entries on the same time log, which would be expected to reduce any potential confusion over how each timekeeper was spending time on the case, or the possibility of duplication.

expended by Petitioner's counsel by pointing to specific activities or even categories of activities. Instead, counsel's general objection is based on a comparison of his own hourly rate (considerably higher at $250.00) and fewer hours spent representing Respondent on the same case.  The Court is not persuaded that such a comparison is a reliable indicator on the issue of whether Petitioner's counsel expended a reasonable number of hours on this case.  Under the guidelines set forth in Ramos v. Lamm, 713 F.2d 546, 552 (10th Cir. 1983), I should assess the reasonableness of the hours billed for each task with attention to the following: the normal amount of time a task should require; whether the tasks sought to be compensated would normally be charged to a paying client; and the complexity of the case. Id. at 553-54.  Time logs submitted by Petitioner's counsel are divided into four periods of time (encompassing the months of June through October, 2002). Based on my review of these logs, and given the rather unusual nature of the case, I do not find that the number of hours expended by counsel is unreasonable.  Counsel was required to deal with matters involving an international treaty, German law and coordinating national agencies.[4] Therefore, I will grant Petitioner's counsel the total amount of fees requested, **$17,025.10** (*$1,253.88* for June 24, 2002 to July 31, 2002; *$4,055.14* for August 1 to August 31; *$11,314.00* for September 1, to September 30; and *$402.08* for October 1 to October 31).

*Other Out-of-Pocket Expenses*

Petitioner's counsel also seeks reimbursement in the amount of $634.30 for other expenses: $40.60 for courier service; $126.98 for process service; $45.46 for long distance telephone charges; $411.26 for legal research (Westlaw); and $10.00 for parking.  Generally, a

---

[4] As stated in correspondence dated August 12, 2002 sent by the director of the United States Central Authority to the Court, "[b]y agreement between the national Center for Missing and Exploited Children. . . and the U.S. Central Authority, applications seeking the return of or access to children abducted to the United States are processed by the National Center." See, e.g., time log entries for 7/11/02; 8/9/02; 8/13/02; 8/30/02.

party is not entitled to recover expenses that are merely incident to the preparation of cases and are part of office overhead. Freier, 985 F.Supp. at 712 (office clerk's fee was ministerial and incidental to the preparation of case brought under ICARA). However, I find that counsel's request for reimbursement is reasonable and justified as appropriate allowable expenses under § 11607, especially considering that Petitioner resides in Germany. See Berendsen, 938 F.Supp. at 738 (in ICARA case, allowing reimbursement of costs and expenses of telephone calls, facsimile transmissions; witness fees; certified mail and postage; service fees; copying; filing fees, mileage; motel costs, rental car expenses; and gas). Although legal research is not generally absorbed into a firm's overhead and is therefore not reimbursable, Ramos, 713 F.2d at 554 (time spent reading background material designed to familiarize the attorney with the area of the law would normally be absorbed into a firm's overhead, nevertheless the unique area of law involved in this case justifies reimbursement of the $411.26 requested for legal research. Alberti v. Sheriff of Harris Cty, 1176, 1187 (S.D.Tex, 1987) (reasonable amount of time expended in legal research is compensable if research is relevant and reasonable in terms of time for the scope and complexity of the litigation). Accordingly, Petitioner's counsel is awarded **$634.30** for these expenses, bringing the total amount of fees and expenses granted to **$17,659.40**.

**THEREFORE**,

**IT IS ORDERED** that Court upon the Amended Affidavit (Motion) by Gretchen Walther and Twila Larkin for Attorney's Fees and Non-Taxable Expenses **(Doc. 31)** is hereby GRANTED in the amount of **$17,659.40**.

_____
UNITED STATES DISTRICT JUDGE